**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **SOUTH CAROLINA REPUBLICAN PARTY,** | **Civil Action No.**: 3:26-cv-2699-MGL |
| **Plaintiff,** | **VERIFIED COMPLAINT**<br>(*Jury Trial Demanded*) |
| v. | (Violations of First Amendment Freedom of Association) |
| **ROBERT BOLCHOZ,** in his official capacity as Chairman of the South Carolina State Election Commission; **JOANNE DAY, CLIFFORD J. EDLER, SCOTT MOSELEY,** and **ANGELA STRINGER,** in their official capacities as members of the South Carolina State Election Commission; and **CONWAY BELANGIA,** in his official capacity as Executive Director of the South Carolina State Election Commission, | (Violations of First Amendment – Compelled Association and Forced Political Speech)<br>(Equal Protection)<br>(Violations of First Amendment – Restrictions on Ballot Access)<br>(Violations of Political Party Rules in South Carolina Law and the First and Fourteenth Amendments)<br>(Declaratory Judgment) |
| **Defendants.** | |

**COMPLAINT**

Plaintiff, the South Carolina Republican Party, by and through its undersigned counsel, hereby files this Verified Complaint against Defendants Robert Bolchoz, in his official capacity as the Chairman of the South Carolina State Election Commission; Joanne Day, Clifford J. Edler, Scott Moseley, and Angela Stringer, in their official capacities as members of the South Carolina State Election Commission; and Conway Belangia, in his official capacity as Executive Director of the South Carolina State Election Commission, and would respectfully show this Honorable Court as follows:

1

**INTRODUCTION and BACKGROUND:**

The South Carolina Republican Party ("SCRP") herein seeks to have declared and enforced, certain rights under the U.S. Constitution, and other authorities, that have been acknowledged and recognized by the United States Supreme Court, including the freedom to associate (or not to associate) with individuals, based upon whether those individuals actually support the Party or subscribe to its political beliefs. The freedom not to associate was recognized by the U.S. Supreme Court in *Hurley v. Irish-American Gay Group*, 515 U.S. 557 (1995), and in *Roberts v. United States Jaycees*, 468 U.S. 609 (1984), which cases established a political party's right to exclude non-members from its nomination process. The First Amendment protects not only the right to associate with those who share a political party's beliefs, but also protects the right not to associate with those who do not. *See, e.g., California Democratic Party v. Jones,* 530 U.S. 567 (2000), wherein the Court held that it is contrary to the First Amendment to require a political party to open the process for choosing its nominees to persons not affiliated with that party. Further, it is worth noting that prior South Carolina law, now repealed, but previously codified at § 7-9-40 of the S.C. Code, once protected the right of political parties to define party membership based on prior participation in the party's primaries, a provisions repealed around 2010. This Action seeks to restore these fundamental rights for political parties and voters in South Carolina.

## I.     PARTIES

1.     Plaintiff South Carolina Republican Party is a political party in South Carolina, certified and recognized by the South Carolina Election Commission. It exists

to advance shared political principles, nominate candidates, support those nominees, and present a coherent Republican political message to South Carolina voters.

2.      Plaintiff Party has adopted a duly authorized party rule, incorporated at Rule 11(a)(6) and 11(a)(7) of the South Carolina Republican Party Rules, which provides that only members of the Party may vote in the Party's partisan primary elections.  (*See* attached Exhibit "A", which is hereby incorporated herein.)

3.      Plaintiff Party acts through its state convention, state committee, officers, executive committees, and other bodies authorized by Party rules. South Carolina law recognizes the role of party rules in defining party membership and primary-voting qualifications.

4.      Defendant Robert Bolchoz is Chairman of the South Carolina State Election Commission and is sued in his official capacity.

5.      Defendants JoAnne Day, Clifford J. Edler, Scott Moseley, and Angela Stringer are members of the South Carolina State Election Commission, and are sued in their official capacities.

6.      Defendant Conway Belangia is Executive Director of the South Carolina State Election Commission and South Carolina's chief election official.  He is sued in his official capacity only.

## II.     JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8.     This Court has authority to enter declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9.     This Court has authority to enter preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65 and its equitable powers.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants perform their official election duties in South Carolina, the challenged statutory scheme is enforced within this District, and the State Election Commission performs statewide functions affecting Plaintiff's rights within this District.

11.     The Plaintiff has sued various state officials in their official capacities for prospective declaratory and injunctive relief, seeking to remedy ongoing violations of its federal constitutional rights.

## III.     NATURE OF THE ACTION

12.     This is a civil-rights action under 42 U.S.C. § 1983 to vindicate Plaintiff's right of political association, non-association, speech, equal protection, and due process under the First and Fourteenth Amendments to the United States Constitution.

13.     South Carolina law recognizes the right of political association and political party governance over the primary process.  Article I, § 2 of the South Carolina

Constitution protects speech, assembly, and petition rights. South Carolina courts recognize the relationship between speech and association. South Carolina law also recognizes that political parties may add qualifications for party membership and primary voting by party rule, provided such qualifications do not conflict with governing law.

14.    South Carolina presently does not maintain party registration on its voter registration rolls. As a result, any eligible South Carolina voter may participate in a Republican primary without registering as Republican, joining the Republican Party, affirming Republican principles, or making any public or private association with the Republican Party.

15.    South Carolina law currently compels certified political parties that use state-administered primaries to open their primary elections to persons who are not members of the party, who have not affiliated with the party, who do not subscribe to the party's principles, and who may be political opponents of the party.

16.    The practical and constitutional effect is compelled political disassociation: the State requires political parties to allow non-members (and indeed, their political opponents) to participate in choosing the party's nominees for elective office.

17.    The right to choose one's political associates includes the right not to associate with those who do not share the party's political commitments.

18.    The Supreme Court has repeatedly recognized that selecting nominees for political office is a political party's basic function and that compelled participation by

5

nonmembers may distort the party's message, alter its nominee, and impair its ability to speak through its chosen standard bearer.

19. South Carolina may regulate elections. But it may not, consistent with the First and Fourteenth Amendments, compel a political party to accept non-members into the decisive process by which the party selects its nominees.

20. Plaintiff seeks declaratory and injunctive relief requiring Defendants to permit a certified political party that so chooses by duly adopted rule, to limit participation in its partisan primary to registered members of that party, with unaffiliated electors admitted only if the party affirmatively chooses to admit them.

## IV.   BACKGROUND AND FACTUAL ALLEGATIONS

21. South Carolina does not presently maintain a party-registration system that allows voters to register as Republican, Democrat, as members of any other certified political party, or to register as "unaffiliated" for purposes of determining eligibility to vote in partisan primaries.

22. South Carolina's statutory scheme permits a registered elector to appear at a primary election and choose the ballot of any one political party holding a primary, regardless of whether that elector is a member of that party.

23. South Carolina law prohibits a voter from voting in one party's primary and then in a different party's run-off election from that same primary, but that limitation does not cure the compelled-association injury.

24.     A voter hostile to Plaintiff Party's principles may still vote in Plaintiff Party's primary so long as the voter does not also vote in another party's primary in the same election.

25.     A voter who has historically supported, donated to, volunteered for, publicly advocated for, or participated in another party may still vote in Plaintiff Party's primary.

26.     A voter may participate in Plaintiff Party's primary without making any durable declaration of party affiliation, without joining the Party, without affirming support for the Party's platform, and without accepting any meaningful obligation of party membership.

27.     Plaintiff Party's primary election is the official mechanism by which the Party chooses its nominees for the general election.

28.     The Party's nominee appears on the general-election ballot under the Party's name.

29.     The Party's nominee becomes the public representative of the Party's political message.

30.     The Party's nominee affects the Party's reputation, platform, fundraising, volunteer mobilization, candidate recruitment, future voter contact, public message, and long-term ideological direction.

31. Compelling the Party to include non-members and indeed, voters who are opposed to its political views, in the selection of its nominees for elective office, burdens the Party's ability to define its own message and govern its own affairs.

32. The open-primary system also burdens Republican Party-member voters by diluting their associational vote in the Party's internal nomination process.

33. Party-member voters associate with the Party for the purpose of advancing shared Republican principles. The State's system gives non-members equal power to alter the Party's nomination decision.

34. A Republican voter in a competitive Republican primary is normally seeking the candidate who best represents Republican principles and can carry the Republican banner in the general election. A non-Republican crossover voter may be motivated by different objectives, including weakening the Republican ticket, selecting a candidate less faithful to Republican principles, or influencing the Republican Party's ideological direction without joining the Party.

35. An open-primary system permits voters who have not joined the Republican Party to influence the Party's most important associational act: choosing its nominee, thus depriving the Party of the fundamental right of association and the fundamental right to govern its own affairs.

36. Nonmember participation may result in or contribute to the Plaintiff Party selecting a weaker nominee, selecting a more divisive nominee, selecting a candidate less faithful to Republican principles, or selecting a candidate more likely to lose the general

8

election.  Non-member participation can also blur the Republican Party's public identity, and reduce the practical value of party membership to the Plaintiff Party's members.

37.     The State's interest in orderly election administration can be achieved by less restrictive means, including party registration, advance party-affiliation deadlines, unaffiliated status, and party-controlled rules for whether unaffiliated voters may participate.

38.     Many States administer closed or semi-closed primaries without hindering the prompt and efficient administration of their elections.

39.     Plaintiff Party has authority under its own rules and under South Carolina law to define party membership and primary-voting qualifications, provided those qualifications do not conflict with the federal or state constitutions or laws.

40.     Plaintiff Party has adopted a rule limiting Republican primary participation to Republican Party members.  S.C. Republican Party Rules 11-A-6 and 11-A-7 were adopted by the Plaintiff's State Executive Committee on June 6, 2026, and were ratified by the South Carolina Republican Party in re-convened convention proceedings in Columbia, South Carolina, on June 27, 2026.  (*See* attached Exhibit "A" which is hereby incorporated by this reference.)

41.     The Plaintiff's constitutional injury is ongoing and will recur in every partisan primary unless this Court grants the requested relief.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
**(Violation of Freedom of Political Association, First and Fourteenth**
**Amendments, 42 U.S.C. § 1983)**

9

42.    Plaintiff repeats and incorporates each of the allegations set forth herein above, as if each were set forth in this paragraph verbatim.

43.    Plaintiff Party has a constitutional right to define its membership and to choose its nominees through a process limited to those who share its political association.

44.    This fundamental right of association also includes, conversely, the right "not to associate" as recognized by the U.S. Supreme Court in *Hurley v. Irish-American Gay Group*, 515 U.S. 557 (1995), and in *Roberts v. United States Jaycees*, 468 U.S. 609 (1984).

45.    Plaintiff Party's members have a constitutional right to associate with one another to select nominees who represent their shared principles, and the Plaintiff Party has the right to determine which voters should be allowed to vote in its primaries, as the U.S. Supreme Court further recognized in *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), and *California Democratic Party v. Jones,* 530 U.S. 567 (2000).

46.    South Carolina's compelled-open primary system burdens those rights by requiring Plaintiff Party to permit nonmembers to participate in the selection of the Party's nominees.

47.    This burden is severe because nomination is the central act of party self-definition.

48.    The State cannot show that forcing nonmembers into Plaintiff Party's primary is narrowly tailored to a compelling state interest.

49.     Less restrictive alternatives exist, including party registration, advance affiliation deadlines, unaffiliated voter status, affidavit-based interim systems, and party-option semi-closed primaries.

50.     Defendants' enforcement of South Carolina's open-primary system violates the First and Fourteenth Amendments.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of First Amendment Freedom of Speech and Association –**
**Compelled Association and Forced Political Speech,**
**First and Fourteenth Amendments, 42 U.S.C. § 1983)**

51.     Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

52.     A political party's nominee communicates the party's political message to the electorate.

53.     The Republican nominee bears the Party's name, label, brand, platform, and public identity in the general election.

54.     By compelling Plaintiff Party to permit nonmembers to participate in choosing that nominee, South Carolina forces the Party to associate with persons outside the Party in determining the Party's political message.

55.     This compelled association alters the Party's speech, candidate selection, voter contact, platform presentation, resource allocation, and public identity.

56.     Defendants have no compelling interest in forcing Plaintiff Party to accept nonmembers into the Party's nomination process.

11

57. Defendants' enforcement of the challenged statutory scheme violates Plaintiffs' rights against compelled association and forced political speech, and the well-established precedents of the U.S. Supreme Court in *Hurley*, *Roberts*, *Tashjian*, and *California Democratic Party v. Jones,* as cited herein above.

**FOR A THIRD CAUSE OF ACTION**
**(Equal Protection, Fourteenth Amendment, 42 U.S.C. § 1983)**

58. Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

59. Plaintiff Party's members associate for the purpose of selecting nominees who represent their shared political principles and values.

60. South Carolina gives nonmembers the same practical power as party members to determine Plaintiff Party's nominees.

61. The State thereby treats party members and nonmembers as identically entitled to determine the Party's internal nomination decision, even though only party members have made the associational commitment to the Party and its platform, effectively nullifying the associational distinction that the First Amendment protects and burdening the fundamental right of political association.

62. This statutory scheme burdens fundamental First Amendment rights and is subject to strict scrutiny.

63. The statutory scheme is not narrowly tailored to any compelling state interest.

64.    Defendants' enforcement of the open-primary system violates the Equal Protection Clause, and the well-established precedents of the U.S. Supreme Court set forth in *Hurley*, *Roberts*, *Tashjian*, and *California Democratic Party v. Jones,* as cited herein above.

## FOR A FOURTH CAUSE OF ACTION
### (Unconstitutional Limitations on Ballot Access and Nomination Procedures, First and Fourteenth Amendments, 42 U.S.C. § 1983)

65.    Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

66.    South Carolina conditions access to the state-administered primary election process on Plaintiff Party's surrender of its associational right to exclude nonmembers from the selection of its nominees.

67.    The State may not require a political party to abandon a constitutional right as the price of using the State's ordinary ballot-access and nomination machinery.

68.    Defendants' enforcement of the challenged statutory scheme imposes an unconstitutional condition on Plaintiffs' ballot access, nomination procedure, and political association.

## FOR A FIFTH CAUSE OF ACTION
### (Violation of Party Rule Rights Recognized by S.C. Code Ann. § 7-9-20 First and Fourteenth Amendments, 42 U.S.C. § 1983)

69.    Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

13

70.     South Carolina Code Ann. § 7-9-20 expressly permits the state convention of a political party to add by party rules to the qualifications for party membership and for voting in party primary elections, provided such qualifications do not conflict with governing law.

71.     Plaintiff Party has adopted party rules limiting participation in Republican primaries to Republican Party members.

72.     Plaintiff Party's internal rules, including Rule 11-A-4, authorize State Committee action concerning party governance and primary qualifications, with state-convention adoption, ratification, or confirmation to follow or supplement that action as appropriate.

73.     Defendants' statutory scheme of primary elections purports to prevent Plaintiff Party's duly adopted closed-primary rule from becoming effective, and thus burdens Plaintiff Party's constitutional rights and nullifies the party-rule authority recognized by § 7-9-20.

74.     Plaintiffs seek a declaration that Defendants must recognize and implement Plaintiff Party's lawful party-rule qualifications for Republican primary participation unless those qualifications conflict with valid state or federal law.

### FOR A SIXTH CAUSE OF ACTION
### (Declaratory Judgment, 28 U.S.C. §§ 2201-2202)

75.     Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

14

76.     An actual and justiciable controversy exists between Plaintiffs and Defendants concerning the constitutionality of South Carolina's open-primary system.

77.     Plaintiffs are injured by Defendants' ongoing and future enforcement of the challenged statutory scheme.

78.     Plaintiffs are entitled to a declaratory relief providing that Defendants may not compel Plaintiff Party to allow nonmembers to vote in its partisan primary after Plaintiff Party has duly adopted a rule limiting primary participation to party members.

79.     Plaintiffs are further entitled to a declaration that, consistent with § 7-9-20 and the First and Fourteenth Amendments, Defendants must recognize Plaintiff Party's lawful primary-voting qualifications.

**IRREPARABLE HARM**

80.     Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim

81.     The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury.

82.     Plaintiffs' injury cannot be fully remedied after an election has occurred because nomination decisions, campaign strategies, voter mobilization, and public political messages cannot be unwound after the fact.

83.     Without injunctive relief, Plaintiffs will again be compelled to participate in state-administered primaries in which nonmembers may select Plaintiff Party's nominees.

15

84.     The injury is ongoing because Plaintiffs must prepare for future primaries, adopt rules, recruit candidates, communicate with voters, allocate resources, and conduct campaigns under a system that forces association with nonmembers.

## JURY DEMAND

85.     Plaintiff incorporates all preceding paragraphs and all allegations contained therein, as if each were repeated here verbatim.

86.     Plaintiff reserves the right to demand trial by jury on any issues so triable should the nature of any claim or any defense raised so require.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, according to the facts as may be shown and proven to the Court, and according to the laws applicable to the case, and would respectfully request that this Court:

A.     Declare that South Carolina's compelled-open primary system, as applied to Plaintiff Party after its adoption of a closed-primary rule, violates the First and Fourteenth Amendments to the United States Constitution;

B.     Declare that Defendants may not require Plaintiff Party to permit nonmembers to vote in Plaintiff Party's partisan primary elections;

C.     Declare that Plaintiff Party has the constitutional right to limit participation in its partisan primaries to registered members voters affiliated with the Plaintiff Party, with unaffiliated voters admitted only if Plaintiff Party affirmatively chooses to admit them by party rule;

16

D.    Declare that S.C. Code Ann. § 7-9-20 authorizes party-rule qualifications for party membership and primary voting, and that Defendants must recognize Plaintiff Party's lawful qualifications for Republican primary participation;

E.    Preliminarily and permanently enjoin Defendants from enforcing S.C. Code Ann. §§ 7-9-20, 7-5-420, 7-13-1010, 7-13-1040, 7-11-30, and related provisions in any manner that prevents Plaintiff Party from conducting closed primaries or enforcing lawful party-rule qualifications for Republican primary voting;

F.    Order Defendants to implement, for Plaintiff Party's future primaries, a constitutionally adequate mechanism by which voters may affiliate with Plaintiff Party, another party, or no party, and by which only eligible party-affiliated voters may receive Plaintiff Party's primary ballot;

G.    Award Plaintiff its reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

H.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Reese R. Boyd, III*
Reese Boyd, III (Fed. Bar No. 9212)
**Boyd Law Group, P.C.**
4605 Oleander Dr., Suite 301
Myrtle Beach, SC  29577
(843) 315-3525
(843) 315-3526 (*fax*)
reese@boydlawsc.com

17

George J. Gatgounis (Fed. Bar No. 12200)
**Gatgounis Law & Consulting Firm LLC**
16 Broad St. - Suite 108
Charleston, SC 29401
GeorgeTheLawyer@alumni.harvard.edu

**July 4, 2026**

## VERIFICATION OF DREW McKISSICK

I, **Drew McKissick**, currently serve as the Chairman of the South Carolina Republican Party, which is the Plaintiff in this Action. I have read the above Verified Complaint and know its contents. The information supplied in the foregoing complaint is based on either my own personal knowledge, or has been supplied by attorneys, or other agents of the Plaintiff, or has been compiled from available documents. The information supplied is true and correct to the extent of my personal knowledge. For allegations contained in the Verified Complaint that are not based on my direct knowledge, I have made a reasonable and good faith effort to obtain and understand the information, and believe the same to be true and correct.

Thus, I am informed and believe that the matters and allegations as stated in the Verified Complaint are true and on that ground certify or declare under penalty of perjury under the laws of the United States and the State of South Carolina, that the forgoing document is true and correct.

Executed on this **4th** day of **July**, **2026**, at Columbia, South Carolina.

**Drew McKissick**
Chairman, South Carolina
Republican Party

17