**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **SOUTH CAROLINA REPUBLICAN PARTY,** | ) | CASE NO. ___3:26-cv-2699-MGL___ |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFFS' ANSWERS TO** |
| | ) | **LOCAL CIVIL RULE 26.01** |
| **ROBERT BOLCHOZ**, in his official | ) | **INTERROGATORIES** |
| capacity as Chairman of the South Carolina | ) | |
| State Election Commission; **JOANNE** | ) | |
| **DAY, CLIFFORD J. EDLER, SCOTT** | ) | |
| **MOSELEY,** and **ANGELA STRINGER,** | ) | |
| in their official capacities as members of | ) | |
| the South Carolina State Election | ) | |
| Commission; and **CONWAY** | ) | |
| **BELANGIA,** in his official capacity as | ) | |
| Executive Director of the South Carolina | ) | |
| State Election Commission, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The **South Carolina Republican Party** (hereinafter, "Plaintiff"), by and through its undersigned counsel, hereby submits the following answers to the Interrogatories set forth in Rule 26.01 of the Local Civil Rules for the United States District Court for the District of South Carolina:[1]

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER:**     At this time, Plaintiff is not aware of any persons or legal entities that may have a subrogation interest in any claim in this matter.

---

[1] Plaintiff has filed these answers in keeping with its obligations under Federal Rule of Civil Procedure 7.1. *See* L.R. 26.01 ("Compliance with this Local Rule satisfies the requirements of Fed. R. Civ. P. 7.1.").

(B)     As to each claim, state whether it should be tried jury or non-jury and why.

**ANSWER:**    As the relief sought by the Plaintiff herein is primarily equitable and injunctive in nature, the Plaintiff does not presently anticipate that any claim raised in the matter will require a trial by jury.  However, and to the extent that Defendants have not made an appearance nor filed any responsive pleadings, Plaintiff would anticipate a conference with the parties, including all Defendants, and a review of all responsive pleadings filed in the matter, before waiving the right to trial by jury.  For this reason, Plaintiff's Complaint reserves the right to request a jury trial as may be appropriate.

(C)     State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER:**    The Plaintiff, South Carolina Republican Party, is a political party authorized and recognized by the South Carolina Election Commission.  Plaintiff states that (1) it is a non-profit organization.  It is not a publicly owned company, and it has no shareholders or owners.  It does not have a parent corporation, and (2) it is not the parent company of any publicly owned company; and (3) it does not own ten percent (10%) or more of the outstanding shares of any publicly owned company.

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER:**    Plaintiff asserts that filing is proper in the Columbia Division under Local Civil Rule 3.01(A)(1), D.S.C., and the matter has been filed in this Division, because the South Carolina State Election Commission is headquartered in Columbia, conducts its official election-

administration activities there, and from its offices in Columbia, it administers the statewide primary election policies challenged in this action.

(E)     Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**     Plaintiff is not aware of any other matters filed in this District that are related in whole or in part to this action.

Respectfully submitted,

*s/ Reese R. Boyd, III*
Reese R. Boyd, III  (Fed. Bar No. 9212)
**Boyd Law Group, PC**
4605 Oleander Drive, Suite 301
Myrtle Beach, SC  29577
(843) 315-3525
(843) 315-3526 (*fax*)
reese@boydlawsc.com

George J. Gatgounis (Fed. Bar No. 12200)
**Gatgounis Law & Consulting Firm LLC**
16 Broad St. - Ste 108
Charleston, SC 29401
GeorgeTheLawyer@alumni.harvard.edu
**(843) 364-8529**
**Attorneys for the Plaintiff**

July 4, 2026

3