**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA REPUBLICAN PARTY, <br><br> *Plaintiff,* <br><br> v. <br><br> ROBERT BOLCHOZ, in his official capacity as Chairman of the South Carolina State Election Commission; JOANNE DAY, CLIFFORD J. EDLER, SCOTT MOSELEY, and ANGELA STRINGER, in their official capacities as members of the South Carolina State Election Commission; and CONWAY BELANGIA, in his official capacity as Executive Director of the South Carolina State Election Commission, <br><br> *Defendants.* | Civil Action No.: 3:26-cv-02699-MGL <br><br><br> **DEFENDANTS' RESPONSES TO LOCAL CIVIL RULE 26.01 (D.S.C.) INTERROGATORIES** |

**COME NOW** Defendants Robert Bolchoz, in his official capacity as Chairman of the South Carolina State Election Commission; Joanne Day, Clifford J. Edler, Scott Moseley, and Angela Stringer, in their official capacities as members of the South Carolina State Election Commission; and Conway Belangia, in his official capacity as Executive Director of the South Carolina State Election Commission ("Defendants"), by and through the undersigned counsel, and hereby respond to the Interrogatories required by Rule 26.01 of the Local Civil Rules (D.S.C.) as follows:

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE:  At this time, Defendants are not aware of any persons or legal entities that may have a subrogation interest.**

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE: All of the claims alleged in the Complaint should be tried nonjury, because Plaintiff primarily or exclusively seeks declaratory, injunctive, or other purported equitable relief.** *See* **ECF No. 1, at 16–17. Although Plaintiff's Complaint purports to demand a jury trial, Plaintiff has nevertheless acknowledged that it "does not presently anticipate that any claim raised in the matter will require a trial by jury" and that the Complaint merely "reserves the right to request a jury trial as may be appropriate." ECF No. 3, at 2.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**RESPONSE:  Not applicable.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**RESPONSE:  This action was filed by Plaintiff in the Columbia Division of the United States District Court for the District of South Carolina.  If or to the extent that this Court has jurisdiction over one or more of Plaintiff's claims, Defendants do not presently object to or challenge the appropriateness of this Division pursuant to Rule 3.01 of the Local Civil Rules (D.S.C.).**

(E)     Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases that may be related regardless of whether they are still pending.  Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:  At this time, Defendants are not aware of any pending related actions filed in the United States District Court for the District of South Carolina.  However, Defendants are aware of similar litigation previously initiated by Plaintiff and others against the State of South Carolina and the Chairman of the South Carolina State Election Commission as Defendants.  *See Greenville Cnty. Republican Party Exec. Comm. v. South Carolina*, 824 F. Supp. 2d 655, 659, C/A No.: 6:10-cv-01407-JMC (D.S.C. 2011) ("Plaintiffs contend that the open primary system and other laws placing restrictions on the candidate nomination process are unconstitutional because they allegedly violate Plaintiffs' right to freedom of association and equal protection as guaranteed by the First and Fourteenth Amendments of the Constitution.").  On or about March 30, 2011, the Court granted the defendants' motion for summary judgment.  As the U.S. Court of Appeals for the Fourth Circuit subsequently noted, that matter "ha[d] a somewhat complicated procedural history," *Greenville Cnty. Republican Party Exec. Comm. v. Greenville Cnty. Election Comm'n*, 604 F. App'x 244, 248 (4th Cir. 2015).  Nevertheless, the Fourth Circuit dismissed in part and affirmed in part this Court's resolution of the matter.  *See id.* at 255.**

(F)     If the defendant is improperly identified, give the proper identification and state

whether counsel will accept service of an amended summons and pleading reflecting the correct

identification.

**RESPONSE:  Plaintiff's Complaint names Robert Bolchoz, in his official capacity as Chairman of the South Carolina State Election Commission; Joanne Day, Clifford J. Edler, Scott Moseley, and Angela Stringer, in their official capacities as members of the South Carolina State Election Commission; and Conway Belangia, in his official capacity as Executive Director of the South Carolina State Election Commission, as Defendants in their official capacities.  Defendants are correctly identified with respect to their official positions and capacities; however, Defendants do not concede that any or all such individuals are properly named as Defendants or that any or all such officials are necessary or appropriate parties.  Counsel for Defendants would be willing to accept service of an amended summons and complaint removing improper or unnecessary Defendants.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable

to you or the party asserting a claim against you in this matter, identify such person or entity and

describe the basis of said liability.

**RESPONSE:  At this time, Defendants do not contend that some other person or legal entity is liable to them or to Plaintiff as it relates to this matter.**

[SIGNATURE ON FOLLOWING PAGE]

3

Respectfully submitted,

s/Thomas A. Limehouse, Jr.
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
L I M E H O U S E LLC
174 East Bay Street, Suite 100 (P.O. Box 338)
Charleston, South Carolina 29401 (29402)
(843) 823-3833
Thomas@LimehouseLaw.com

*Counsel for Defendants*

July 29, 2026
Charleston, South Carolina

4