**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| SOUTH CAROLINA REPUBLICAN PARTY,<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT BOLCHOZ, in his official capacity as Chairman of the South Carolina State Election Commission; JOANNE DAY, CLIFFORD J. EDLER, SCOTT MOSELEY, and ANGELA STRINGER, in their official capacities as members of the South Carolina State Election Commission; and CONWAY BELANGIA, in his official capacity as Executive Director of the South Carolina State Election Commission,<br><br>*Defendants*. | Civil Action No.: 3:26-cv-02699-MGL<br><br>**SEC DEFENDANTS' CONSENT MOTION TO STAY DISCOVERY AND SCHEDULING ORDER DEADLINES** |

Defendants Robert Bolchoz, in his official capacity as Chairman of the South Carolina State Election Commission ("SEC"); Joanne Day, Clifford J. Edler, Scott Moseley, and Angela Stringer, in their official capacities as members of the SEC; and Conway Belangia, in his official capacity as Executive Director of the SEC (collectively, "SEC Defendants"), hereby move—pursuant to Local Civil Rule 16.00(C) (D.S.C.) and Federal Rule of Civil Procedure 26(c)—to stay discovery and the deadlines set forth in the September 16, 2026 Conference and Scheduling Order ("Scheduling Order") (ECF No. 22) pending the Court's ruling on the SEC Defendants' Motion to Dismiss (ECF No. 21) the South Carolina Republican Party's ("Party") Verified Complaint ("Complaint") (ECF No. 1).[1] Although prior consultation is not required, *see* Local Civ. Rule 7.02(F) (D.S.C.); *id.*, Rule 16.00(C), the undersigned has conferred with opposing counsel, who

1. Pursuant to Local Civil Rule 7.04 (D.S.C.), a full explanation of this Motion is contained herein, such that a separate memorandum would serve no useful purpose.

confirmed that the Party consents to or otherwise does not oppose staying discovery and the Scheduling Order's deadlines pending the Court's ruling on the Motion to Dismiss. For the reasons set forth below, the Court should grant this unopposed Motion and stay discovery and the deadlines set forth in the Scheduling Order while the SEC Defendants' Motion to Dismiss is under consideration.

## BACKGROUND

The Party filed its Complaint on July 6, 2026, asserting six causes of action under the First and Fourteenth Amendments to the United States Constitution and seeking declaratory and injunctive relief barring the enforcement of five provisions of Title 7 of the South Carolina Code of Laws that govern the conduct of party primary elections. On September 3, 2026, the SEC Defendants moved to dismiss the Party's Complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 21. The Party filed its Response in Opposition on September 17, 2026 (ECF No. 24), and SEC Defendants' forthcoming Reply is due on or before September 24, 2026. *See* Local Civ. Rule 7.07 (D.S.C.). The Motion to Dismiss—which includes a more comprehensive summary of the Party's claims, the SEC Defendants' arguments, the relevant procedural history, *see* ECF No. 21, at 8–10—will therefore stand fully briefed within a matter of days.

On September 16, 2026, the Court entered its Scheduling Order, directing, *inter alia*, the parties to hold a Rule 26(f) conference no later than October 6, 2026, and to serve the initial disclosures required by Rule 26(a)(1) and to file a Rule 26(f) Report no later than October 20, 2026. ECF No. 22. The parties have not yet conducted the Rule 26(f) conference, and no party has served written discovery, noticed a deposition, or issued a subpoena to date.

**LEGAL STANDARD**

This Court possesses broad discretion to stay discovery and scheduling order deadlines pending resolution of a dispositive motion. Under Local Civil Rule 16.00, the Court "may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion to remand or to dismiss or other dispositive motion." Local Civ. R. 16.00(C) (D.S.C.). That Rule codifies authority the Court already holds. A district court "has an inherent power and 'broad discretion' to stay proceedings 'as an incident to its power to control its own docket.'" *Herring v. Lapolla Indus., Inc.*, No. 2:12-cv-02705-RMG, 2013 WL 12148769, at *2 (D.S.C. Aug. 30, 2013) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). That power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, No. 3:14-cv-02041-MGL, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (Lewis, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Rule 26 of the Federal Rules of Civil Procedure supplies the Court with similar authority (and discretion) to stay discovery. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504–05 (4th Cir. 1999). Under Rule 26(c), a court may protect a party from discovery for "good cause." Fed. R. Civ. P. 26(c). A motion to stay discovery is "tantamount" to a motion for a protective order under Rule 26(c). *Brown-Thomas v. Hynie*, No. 1:18-cv-2191-JMC, 2019 WL 1043724, at *4 (D.S.C. Mar. 5, 2019).

**ARGUMENT**

This Court should exercise its broad discretion to stay discovery and scheduling order deadlines pending resolution of the SEC Defendants' Motion to Dismiss. In deciding whether to grant a stay, this Court traditionally weighs "the breadth of discovery and burden of responding to

it, the risk of unfair prejudice to a party opposing the stay, the nature and complexity of the action, the posture or stage of the litigation, and any other relevant circumstances." *Herring*, 2013 WL 12148769, at *1. Each factor favors a stay here.

**I. The scope of the Party's anticipated (and potentially unnecessary) discovery efforts and the corresponding burdens warrant a stay.**

The Motion to Dismiss raises threshold legal and jurisdictional questions that should be resolved before requiring the SEC Defendants to engage in any discovery. The Party asks the Court to declare five provisions of the South Carolina Election Code unconstitutional and to enjoin the SEC from enforcing them. Absent a stay, the Party will direct its discovery at a state agency charged with administering elections throughout South Carolina and at six public officials sued solely in their official capacities. The SEC would bear the cost of collecting, reviewing, and producing records concerning the administration of party primaries.

The Party's recent Memorandum in Opposition confirms the breadth of the record it would attempt to build if the Complaint survives the Motion to Dismiss. ECF No. 24, at 13. The Party argues that whether the burden it alleges "is severe, moderate, or minor depends on the factual record," *id.*, and that the Court "need not decide disputed factual questions" at the pleading stage, including "whether statutory alternatives meaningfully preserve the Party's associational choice," *id.* at 14. If permitted, discovery framed around those questions would presumably involve the Party's internal governance records, the SEC's primary administration practices, and expert analysis of voter behavior. Particularly in view of the burdens associated with such discovery, the Court should first decide whether any of the Party's claims will survive the Motion to Dismiss.

**II. A stay carries no risk of unfair prejudice to the Party.**

The Party's consent to the relief requested herein demonstrates there is no risk of unfair prejudice associated with a stay. Aside from not opposing a stay, the Party has not moved for a

preliminary injunction or for any other interim relief, and the Scheduling Order sets this case for trial no earlier than July 16, 2027. Nothing about the relief the Party seeks would require it to initiate discovery during the period in which the Motion to Dismiss remains under advisement.

If the Court grants the Motion to Dismiss, the Party suffers no prejudice, because a plaintiff who fails to state a claim on which relief can be granted has no right to take discovery. If the Court were to deny the Motion to Dismiss, the sole effect of the stay would have been to postpone discovery while the Court resolved a threshold question, and the Court could reset every deadline in an amended scheduling order. The SEC Defendants propose such a schedule in the conclusion below, which forecloses any concern that a stay would indefinitely delay this case.

## III. The nature of this action favors a stay, because the Motion to Dismiss raises threshold questions the Court can (and should) resolve on the pleadings.

The Party's claims present questions of law, and the SEC Defendants' Motion to Dismiss does not require the Court to reach or resolve factual questions outside of the pleadings to find the Party's claims implausible or to conclude that it lacks jurisdiction to grant the requested relief. In its Memorandum in Opposition to the Motion to Dismiss, the Party itself notes that the Court "need not decide disputed factual questions" at this stage. ECF No. 24, at 14. Where, as here, a court can resolve some or all preliminary and potentially dispositive questions as a matter of law, discovery should await that ruling. *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The SEC Defendants' Motion to Dismiss also raises a question of subject matter jurisdiction under Rule 12(b)(1). A court should settle its own authority to adjudicate a claim before requiring the parties to litigate that claim, and that principle carries particular force where, as here, the SEC Defendants are officials of the State sued in their official capacities.

The Court has repeatedly stayed discovery under substantially similar circumstances. *See, e.g.*, *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-cv-1498-

TMC, 2018 WL 9785308, at *4–5 (D.S.C. Nov. 20, 2018) (finding "good cause to stay discovery pending the disposition" of a motion to dismiss, noting that "such a stay is reasonable" where the motion to dismiss "is potentially dispositive of the entire proceeding"); *Burks v. Rushton*, No. 3:08-cv-3025-HMH-JRM, 2009 WL 10703167, at *1 (D.S.C. June 8, 2009) ("[T]he motion to dismiss has the potential to dispose of the case on the issues . . . without need for discovery such that it is within the court's discretion to stay discovery pending resolution of the dispositive motion on that basis."). The Court has likewise faulted a party for failing to seek a stay at the outset rather than litigating discovery disputes that a dispositive ruling would moot. *See Cuyler v. Dep't of the Army*, No. 3:08-cv-3261-CMC-JRM, 2009 WL 1749604, at *8 (D.S.C. June 22, 2009).

**IV. The preliminary posture of this case favors a stay.**

This case remains in the preliminary stage. As noted above, the parties have not held a Rule 26(f) conference, exchanged initial disclosures, filed a Rule 26(f) Report, or served written discovery requests. A stay will not interrupt any ongoing discovery or interfere with any work the parties have already performed. Absent a stay, however, the parties will confer under Rule 26(f), exchange initial disclosures, and file a Rule 26(f) Report during the very weeks in which the Court has the Motion to Dismiss under advisement, and the Party may serve written discovery at any time. Because the Court's resolution may render some or all discovery unnecessary, the Court should enter a stay. Local Civil Rule 16.00(C) exists to prevent exactly this sequence and scenario.

## <u>CONCLUSION</u>

For the foregoing reasons, the SEC Defendants respectfully request, with the Party's consent, that the Court enter an order staying discovery and staying all deadlines set by the Scheduling Order, together with all disclosure and conference requirements imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, including the Rule 26(f) conference,

the Rule 26(a)(1) initial disclosures, and the Rule 26(f) Report. If any of the Party's claims survive, the SEC Defendants request that the parties confer under Rule 26(f) within fourteen (14) days after the Court's resolution of the Motion to Dismiss and file a Rule 26(f) Report and proposed amended scheduling order within twenty-one (21) days after the ruling.

Respectfully submitted,

s/Thomas A. Limehouse, Jr.
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
LIMEHOUSE LLC
174 East Bay Street, Suite 100 (P.O. Box 338)
Charleston, South Carolina 29401 (29402)
(843) 823-3833
Thomas@LimehouseLaw.com

*Counsel for the SEC Defendants*

September 23, 2026
Charleston, South Carolina